Mechanics & Traders Ins. Co. v. Boyce.

[74 South, 821, Division B.]

1. INSURANCE.  *Fire insurance.  Recovery by mortgagee.  Pledges of secured notes.*

   Pledging by the mortgagee of notes secured by mortgaged prop-erty does not bar him from recovery on a fire policy on such property, where such fire policy contains a mortgage clause in his favor; the stipulation in the policy against change in inter-est, title or possession of the subject of insurance not applying.

2. INSURANCE.  *Fire policy.  Breach of covenants.  Tax sale.*

   The provision in a fire insurance policy against change in inter-est, title or possession of the subject of insurance, is not breached by a sale for taxes of the property insured, where the two years of redemption have not expired since in such case the purchaser at such tax sale has no right of possession and owns no title until the expiration of the redemption period.

APPEAL from the circuit court of Lincoln county.
Hon. J. B. HOLDEN, Judge.

Suit by Wm. A. Boyce against the Mechanics & Tra-ders Insurance Company. From a judgment for plain-tiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Armistead,* for appellant.

Our statute, section 2779, fixes the status of mortgagor and mortgagee. It is therein provided: "Before a sale under or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust. Except as against the mortgagee and his assigns, or the trustee after breach of the condition of such mortgage or deed of trust."

This specifically shows that by provision of the statute there has been a breach of condition; in other

words, after default in the payment at maturity of the note, or notes, secured by the trust deed, the title of the mortgagor or grantor ceases to be a legal title. But this is not material or necessary in order to sustain the point here raised. There was a change of interest by the assignment of the notes and trust deeds, even before the breach of conditions in Exhibits "A" and "B", because as to Exhibit "C" there was an absolute assignment. A third party became interested in the subject of the insurance without the knowledge or consent of the insurance company, and yet the assured is trying to enforce his contract right in the face of the conditions of the contract, as above quoted, which prohibit any change in title, interest or possession, either by legal process or by voluntary act of the insured or otherwise.

The conditions invite a discussion of the character of an insurance contract, and particularly as to its personal nature. A contract of insurance is a contract of indemnity. It is so referred to in our statutes; it has been so held time and time again by our courts, and by every other court of the county, and yet it is hard for our court at all times to accept unqualifiedly this elementary proposition. For instance, in the case of *Kuhn Brothers* v. *Warren County,* which was a revenue case, our court held (98 Mississippi 879), in reference to insurance money as follows: "The fire merely changed the form of value from goods to money. If the appellants had sold the goods on the 12th of February to a purchaser in the state of Louisiana, and such purchaser had immediately paid cash for the goods and taken them into that state, it would hardly be contended that the appellants would, on that account, be entitled to a reduction. If they sold the goods to the insurance company through the medium of the insurance policy the principle is the same."

In other words, the supreme court in this case, in order to enable the tax collector to collect taxes, held that the collection of insurance by the assured from an

insurance company after a fire was the same in
principle as the collection of money for the purchase
price of the goods if a stock of merchandise was sold.
The same doctrine was adhered to in the case of *Kuhn
Brothers* v. *Board of Mayor and Aldermen of the City
of Vicksburg,* 100 Miss. 566, and yet when these cases
were cited to support the contention in the case of
*Trenholm* v. *Klinker,* 108 Miss. 262, this court absolutely
ignored the doctrine announced in the Kuhn case, and
without any reference or citation to these cases held
that: "Money due on a policy of insurance procured by
the guarantee, on buildings situated on property, the title
to which had been conveyed to her in fraud of grantors
creditors, is not the proceeds of the property and the
trustee in bankruptcy cannot subject it to the payment
of the grantor's debts." Adhering in this case to the
true doctrine as announced in the case of *Smith* v. *Rat-
liff,* 66 Miss. 686, and *Bernheim* v. *Beer,* 56 Miss. 149,
which cases were cited without avail in the Kuhn cases.
Our court having finally adhered to the true doctrine
that a contract of insurance is a contract of indemnity,
and necessarily a personal contract between the insurer
and the assured, it necessarily follows that no other party
can acquire an interest in this contract by assignment
without knowledge or consent on the part of the insurer
without a forfeiture of the contract under the provisions
therefor. Our supreme court has settled this identical
proposition years ago in the case of *New Orleans In-
surance Association* v. *Holberg,* 64 Miss. 51; Wood on
Fire Ins., section 334; Cooley's Briefs on Insurance,
page 82, paragraph E.

It is not an insurance of the specific thing which is
the subject of the insurance. (*Columbia Ins. Co.* v.
*Lawrence,* 10 Pet. 507, 9 L. Ed. 512.) So a contract of
insurance with a mortgagee is not an insurance of the
debt or of the payment of the debt, since that would
be in effect an insurance of the solvency of the debtor.
It is the proprietary interest of the mortgagee that is

the subject of the insurance. *King v. State Mut. Fire Ins. Co.,* 7 Cush. (Mass.), 1, 54 Am. Dec. 683; *Wilson* v. *Hill,* 3 Metc. (Mass.) 66; *Cummings* v. *Insurance Co.,* 55 N. H. 457; *"Aetna Insurance Company* v. *Cowan,* 71 So. 746; *Kase* v. *Hartford Fire Insurance Company,* reported in 32 Atl. 1057; *Wilson* v. *Hill,* 3 Metc. (Mass.) 69; *Flanagan* v. *Insurance Co.,* 25 N. J. Law, 506; *Rayner* v. *Preston,* 18 Ch. Div. 1. See, also, in this connection 1 Clement on Fire Insurance 35, Rule 6, and cases cited. See, also, Vance on Insurance, p. 48, *et seq.*

For these reasons we respectfully submit that the first ground of the demurrer to the first special plea was not sound.

As to the second ground of the demurrer to the first special plea, if what we have said in support of our contention as to the first ground is sound, it should apply, in part at least, to the second. We will not attempt to argue it further at length. We deem it sufficient to say again that Exhibit "C" and the assignments shown on page 36 show absolutely that the title to all of the property did not remain in Boyce and was not in Boyce at the time of the fire; that whatever may have been the intention, the fact is that it was an absolute assignment, and certainly created an interest in the assignee, whether the condition was broken or not, and we contend, further, as to Exhibits "A" and "B" and the note secured by them that conditions were broken under both of these trust deeds, the notes, or some of them being past due. So we say that the second ground of this demurrer was not well taken, and there was no other reason asserted, as shown by the record, as to why this demurrer should be sustained.

*P. Z. Jones,* for appellee.

Before going into a discussion of the question raised by the appellant it is well enough to take a preliminary survey of the law on which the main suit is based.

While the case made by the declaration is admitted by the pleas in confession and advoidance filed by the appellant, yet in order to keep in hand the underlying principles of the case we call attention to two decisions of our court announcing the law and the rights of mortgagees under the contract, the nature of which is involved in this case. *East* v. *Insurance Association,* 76 Miss. 697; *Bacot* v. *Insurance Company,* 96 Miss. 223.

In the East Case before we had any statute on this subject this court held that this mortgage clause constituted a new and independent contract, and the mortgagee might recover as to his interest without reference to any conditions imposed upon the owner by the policy.

We now have a statute on the subject and quoting from the Bacot case: "When a mortgage clause is inserted in an insurance policy its effect is limited and controlled by section 2596 of the Code of 1906, and the rights of the parties are determined by the provisions of the above statute, which automatically writes itself into every insurance contract where the insurance company allows a mortgage clause to be inserted. In other words, where an insurance contract is made with the owner of property on which there is a mortgage, and the mortgagor, with the consent of the insurance company, undertakes to have a mortgage clause inserted in favor of the mortgagee, the statute says that such contract "Shall have attached, or shall contain the following mortgage clause," etc., and proceeds to give in detail what this clause shall contain. This then irrespective of any mortgage clause inserted by the insurance company to the contrary, constitutes the only mortgage clause that can be placed in the policy.

"The effect of this statute is to make the contract between the insurance company and the mortgagee a new and independent contract, which is not in any way dependent upon or subservient to the conditions of the original policy between the owner and the insurance company.

"Under section 2596 the mortgagee does not take by assignment from the original owner of the policy, taking only the rights which the original owner has and subject to all the conditions imposed upon the owner; but the very design and purpose of the statute is to place the insurable interest of the mortgagee on a safer basis than it would be if it were subject to be defeated by all the uncertainties accompanying the taking out of insurance by the owner in stating correctly his title etc., and the many other conditions imposed by the insurance company, the nonobservance of which work a forfeiture of the policy in so far as the owner is concerned.

"If the contract between the mortgagee and the insurance company is a wholly independent contract from that of the original owner or mortgagor, how can it be that any but the conditions contained in the mortgagee's contract affect his rights? His rights are independent, not derivative from the mortgagor's contract.

After this statement of the rights of the mortgagee we proceed with one of the first questions pleaded by the appellant wherein is presented the issue as to whether the assignment of the notes and deeds in trust or mortgages as collateral security by the mortgagee for his individual debt to a third party vitiates the mortgage clause.

We contend that it does not for two reasons: (a) There is no prohibition against such assignment or transfer in the mortgage clause, and (b) as the mortgagee has no interest or estate in the mortgage property the assignee of such mortgage would acquire no interest therein.

The interest of the mortgagee was a chattel interest, a mere lien on the land, and not an interest or estate in the land. The holder of the mortgage, Boyce the original holder, was not made thereby a real estate owner, nor did he acquire by the taking of the mortgage or mortgages any interest in the real estate.

The question came up for decision in this court when an effort was made by the revenue agent to assess for back taxes, certain mortgagees as real estate owners and as having an interest in the real estate covered by the mortgages.   The court in disposing of the question said: "It has been too long settled in this state to admit of further debate that a mortgagee has no interest or estate in the land mortgaged." *Adams* v. *Mortgage Co.,* 82 Miss. 396, citing, *Buckley* v. *Daley,* 45 Miss. 338; *Freeman* v. *Cunningham,* 57 Miss. 67; *Beckett* v. *Dean,* 57 Miss. 232.

Under our decision the extent of the mortgagee's rights is to sell the property for the purpose of realizing his debt; a mere right to resort to the security for the payment of the debt. *Buckley* v. *Daley,* 45 Miss. 338.

Another inquiry raised by the pleadings filed by the appellant is whether the sale of the mortgaged property for taxes causes a change in the title and ownership before the expiration of the period of redemption, thus defeating the right of the mortgagee to a recovery.

From the pleadings it appears that the mortgaged property was sold for taxes on the first Monday of May, 1915, and bought at the tax sale by B. E. Brister. Under section 79 of the Constitution of 1890 the right of redemption is required to exist for a period of at least two years.

During this time and until the expiration of the two years allowed by law for redemption the purchaser at the tax sale acquires no title or interest in the property. 27 Am. & Eng. Ency. Law (2 Ed.) 982; Cooley on Taxation, page 542; *Watkins* v. *Eaton,* 50 Am. Dec. 640.

Stevens, J., delivered the opinion of the court.

Appellee, as plaintiff in the court below, instituted this action to recover from appellant six hundred dollars on a fire insurance policy. The policy was issued in favor of Miss A. V. Marshall and on her property, with the

usual standard mortgage clause in favor of appellee. The plaintiff sought to recover as mortgagee, and relied upon the contract evidenced by the mortgage clause. Without setting out in detail either the notes and deeds of trust under which the plaintiff claims as mortgagee, or the several pleas of the defendant and demurrers thereto, it is sufficient to state that appellant defended mainly upon the theory that the notes and deeds of trust held by the plaintiff had been assigned to and deposited with the Planters' Bank of Bogue Chitto as collateral security for an indebtednes due by Mr. Boyce to this bank, and that inasmuch as this assignment was without the knowledge or consent of the defendant, and the securities were held by the Planters' Bank at the time of the fire, there was a breach of the covenants of the policy, and plaintiff could not recover.

The issue presents for our consideration the question whether the pledging of the notes held by the plaintiff against Miss Marshall will defeat a recovery. We think not. While the pleadings show that the Planters' Bank held the notes at the time of the fire, they further show that plaintiff was the equitable owner thereof, that the notes due by Miss Marshall had not been paid, and that, while Mr. Boyce was a debtor of the Planters' Bank, the latter had not foreclosed the collateral which Boyce had pledged to the bank. It is further shown that the assignment or pledging of some of the notes was simply by delivery, and not by written transfer. The plaintiff had not sold the Marshall notes outright, but had simply used them in financing his own affairs, and in a transaction with the Planters' Bank in which neither Miss Marshall nor the insurance company had any interest. Mr. Boyce, as mortgagee, relies upon his independent contract with the insurance company, by the terms of which there is no prohibition against the assignment, transfer, or pledge of the notes which the mortgage clause is designed to protect. Mr. Boyce, as mortgagee, has no direct interest or estate in the mortgaged property, and unques-

tionably any pledge of the Marshall notes conveyed no
interest or estate in the property covered by the policy of
insurance. The stipulation against any change in the in-
terest, title, or possession of the subject of the insurance
is intended to govern, and does in fact control, the con-
duct of Miss Marshall, the owner of the property, and not
the mortgagee, provided only that the mortgagee shall
notify the company of any change in the ownership or
occupancy which shall come to his notice. This is the
express agreement in the standard mortgage clause. The
question is simple and so free of difficulty that any ex-
pression from us is really unnecessary.

The case of *Kase* v. *Hartford Fire Ins. Co.*, 58 N. J.
Law, 34, 32 Atl. 1057, relied upon by appellant is not in
point. In that case the plaintiff had conveyed his interest
in the mortgage to a third party, and therefore at
the time of the fire, as expressly held by the court, had
no interest to protect. Kase, the mortgagee, had assigned
the mortgage, but had not assigned the policy of in-
surance. In reference to Kase the court observed:

"He has not suffered any loss by reason of the injury
to the mortgaged premises, for he had no interest in
them when the fire occurred."

And as to Headley, assignee of the mortgagee, the
court said:

"So far as Headley, the assignee of the mortgage, is
concerned, although it is true that the fire depreciated his
mortgage security, and thereby inflicted pecuniary loss
upon him, yet, as he had no interest in the policy of
insurance at the time of the fire, he has no right to call
upon the defendant company to make good the loss which
he has sustained. A policy of insurance is a contract of
indemnity, personal to the party to whom it is issued."

In the instant case Mr. Boyce did have an interest in
the notes secured by the mortgage clause, and at the
time of the fire enjoyed the right to pay the Planters'
Bank any indebtedness which he owed it, and thereby
to redeem his notes altogether. He still possessed the

right of a mortgagee, and as such had an interest in the policy, and the right to recover under the terms of his contract. The business of the country is largely done on barrowed capital, and the right to pledge mortgages and commercial paper as collateral security is a valuable right, freely and frequently resorted to.

We do not think, under the facts of this case, a sale of the premises for taxes was a breach of the covenants of the policy. The two years within which the property might be redeemed had not exired, and the inchoate right or title of the tax purchaser had not ripened into a good title. Mr. Brister purchased at a tax sale made on the first Monday of May, 1915. He would not be entitled to possession, and would in fact own no title, until the time for redemption under our revenue laws had expired.

*Affirmed.*