CONTINENTAL INS. CO. OF CITY OF NEW YORK *v.* BROWN.[*]

(Division A. Jan. 18, 1926.)

[106 So. 633. No. 25255.]

1. CONTINUANCE. *In sound discretion of trial court.*
   Granting or refusal of continuance for absence of witness is within sound discretion of trial court.

2. APPEAL AND ERROR. *No reversal for refusal of continuance unless abuse of sound discretion is clear.*
   There will be no reversal for refusal of continuance unless it is clear that trial court's sound discretion was abused.

3. INSURANCE. *Fire policy not voided by tax sale during time for redemption.*
   Interest of insured is not other than unconditional or sole ownership, nor is interest, title, or possession changed, so as to avoid

fire policy, under its conditions, notwithstanding tax sale, so long as time for redemption has not expired.

*Corpus Juris-Cyc. References: Appeal and Error, 4 CJ., p. 809, n. 32, 33; Granting or refusal of continuance rests in discretion of court, see 6 R. C. L. 544; 2 R. C. L. Supp. 153; 4 R. C. L. Supp. 425; 5 R. C. L. Supp., 354; Continuance, 13 CJ., p. 123, n. 14; p. 149, n. 56; Fire Insurance, 26 CJ., p. 240, n. 54; Levy of execution, attachment, or other process upon insured property as change in interest, title or possession, see note in 24 L. R. A. (N. S.) 803; 14 R. C. L., 1124, 3 R. C. L., Supp., 345.

APPEAL from circuit court of Leflore county. HON. S. F. DAVIS, Judge.

Action by Albert Brown against the Continental Insurance Company of the city of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

*Wells, Stevens & Jones,* for appellant.

I. The sale of the premises for taxes was a breach of the policy contract. The contract of the parties expressly stipulates that if there is any change in the *interest, title, or possession,* the entire policy should be void.

In *Mississippi Mutual Ins. Co.* v. *Ingram,* 34 Miss. 215, this court held that a contract of insurance, like all other contracts, must be construed according to the intention of the parties, evidenced by the words used, according to the ordinary signification; and in *Co-Operative Life Ins. Co.* v. *Leflore,* 53 Miss. 1, it is held that insurance contracts are to be determined by the same rules as govern other ordinary contracts. See also *American Life & Accident Co.* v. *Nerflinger,* 113 Miss. 74. To the same effect is *Continental Casualty Co.* v. *Hall,* 118 Miss. 871, 80 So. 335. In addition see: *Guaranty Co. of North America* v. *Mechanics Reserve Board,* 183 U. S. 402, 46 L. Ed. 253; 26 C. J. 203; 4 Joyce, pars. 22, 23; *Planters Mutual Assurance Association* v. *Dewberry,* 69 Ark. 295; *Elliot* v. *Farmers Ins. Co.* (Iowa), 86 N. W. 224. These

authorities are applicable here, not only because the premises were insured while occupied by the owner, and there was no endorsement on the policy for any occupancy by tenants, but the cases above cited express and enforce the general principles that plain provisions of a contract govern, and that the moral hazard underlies every insurance contract, and it is against an increase in hazard that a stipulation of this kind has been put in the standard form of fire policy.

If there is any change whatever in the interest or title, the policy becomes void. We shall, therefore, proceed to discuss the further questions involved in this case; that is, whether there was a change in the interest of the assured by virtue of the tax sale.

Let us examine first some of the characteristics of the tax sale in Mississippi. First, by virtue of section 6966, Hemingway's Code, we have the form and effect of a conveyance by a tax collector. Under the authorities construing this statute, a tax deed is *prima-facie* evidence that all requirements have been complied with. *Green* v. *Williams,* 58 Miss. 752; *Virden* v. *Bowers,* 55 Miss. 1. By virtue of this statute, a sale for taxes, whether made by the state or by a municipality creates a new title in the purchaser at the tax sale. By virtue of section 6979, Hemingway's Code, the purchaser has a lien for the amount of the taxes, whether state, county, levee, or municipal.

We may cheerfully concede for the purposes of this discussion, that the title does not become absolute until the two years have elapsed and the deed is actually delivered. It is similar to a deed in escrow, but when delivered the title relates back to the time of the deed and the time of the tax sale to that extent that the purchaser may enjoin waste and for that purpose invoke the aid of the courts to preserve the *status* of the property pending the period of redemption. The point we are now stressing is, that there has been a change certainly in the interest of the insured, whether there has been technically a change in the title or not.

II. *Interest and title are not synonymous terms.* Interest, as used in a fire insurance policy, providing that it shall be void if any change take place in the interest of the insured, is a broader term than the word "title," and includes both equitable and legal rights. *Gibb* v. *Philadelphia Fire Ins. Co.,* 61 N. W. 137, 59 Minn. 267; *Southern Cotton Oil Co.* v. *Prudential Fire Ass'n,* 29 N. Y. Supp. 128; *Wm. Skinner* v. *Horton,* 48 Atl. 85, 92 Md. 68; *Loventhall* v. *Home Ins. Co.,* 112 Ala. 108, 20 So. 419; *Finkbohner* v. *The Grenfalls Ins. Co.,* 92 Pac. 318; *Brickell* v. *The Atlas Assurance Co.,* 101 Pac. 16; *Brighton Beach* v. *Home Ins. Co.,* 99 N. Y. Supp. 219; *Widincamp* v. *Phoenix Ins. Co. of Brooklyn,* 4 Ga. App. 759, 62 S. E. 478; *Brickell* v. *Atlas Assurance Co.,* 10 Calif. App. 17, 101 Pac. 16.

We bring to the particular attention of the court the Louisiana case of *Perrin* v. *Stuyvesant Ins. Co.,* 74 So. 110, where the court deals expressly with the tax sale of property covered by fire insurance. See also 26 C. J. 178.

III. *The case of Mechanics & Trade Insurance Company* v. *Boyce, 114 Miss. 165, 74 So. 821, can be differentiated.* The fundamental issue in that case was whether the pledging of the notes held by the bank, as mortgagee, against Miss Marshall, the original insured, would defeat a recovery. The question whether a tax sale would vitiate the particular clause of the policy relied on was not argued or presented by appellant, and no authorities whatever were submitted by counsel for appellant in that case on that proposition. On the contrary, one or two authorities were submitted by counsel for appellee in support of his contention. The issue arose in that case under the third special plea. This plea set up a sale for taxes of the property, and to this plea the plaintiff (mortgagee) demurred and the demurrer was sustained. The difference between the rights of the assured and the rights of a mortgagee has been

clearly stated by Judge Mayes in *Bacot* v. *Ins. Co.,* 96 Miss. 223, 50 So. 729.

Evidently, the court approached the subject in the Boyce case from the viewpoint of the rights of the mortgagee, and was not called upon and did not consider the rights of the original insured where there had been a sale of the property for taxes. It is true that the language of the opinion is broad enough to hold outright that a sale for taxes, where the time for redemption has not expired, would not invalidate the insurance even as to the insured. Be that as it may, Messrs. McLaurin and Armistead briefed the case for the insurance company, and the brief can be searched in vain for any discussion of the tax sale in the Boyce case. Under appellate court procedure, a point not raised or argued by counsel is taken as confessed. It is true that in the assignment of errors, complaint was made of the ruling of the trial judge on the third special plea, and the demurrer thereto, and it is true that counsel for appellee Boyce presented a brief argument as to the tax sale and cited the court to about three authorities.

IV. The court erred in refusing to continue the case or pass it for a sufficient length of time to get Mr. Robb as a witness. *Hemingway* v. *State,* 68 Miss. 371.

*Everett & Forman,* for appellee.

I. We first want to consider the action of the court in refusing to continue the case. The lower court had before it all of the facts with reference to this continuance and passed upon these facts in the light they were presented, and necessarily reached the conclusion that the defendant had not exercised reasonable diligence in procuring the attendance of the witness. That the supreme court will not reverse a case because the lower court refused to continue the same, when all of the facts were before him, unless the lower court was guilty of abuse in the exercise of his discretion, is too well settled

for us to cite authorities. The court not having abused his discretion in refusing a continuance, this case should not be reversed on that ground.

II. Counsel's next complaint is that the sale of the property for taxes was a breach of the policy contract and that the testimony offered by him should not have been excluded. Counsel for appellant deals with the question as to how an insurance contract should be construed, and a construction of section 6966, Hemingway's Code, and tries to differentiate between the words, "interest" and "title," and cites especially the case of *Perrin* v. *Stuyvesant Ins. Co.*, 74 So. 110, a Louisiana case which is not in point here. By reference to 14 R. C. L., par. 303, page 1124, we find the rule applicable to fire policies laid down. In addition to the authority above cited, the principles announced in R. C. L. are expressly decided by this court in *Merchants' and Traders' Ins. Co.* v. *Boyce*, 114 Miss. 165, 74 So. 821.

Outside of the rule laid down in the Boyce case, there is another rule of law that prohibits the reversal of this case on the question of tax sale and that is, that the appellant wrote this policy of insurance sued on, on the property in question on September 23, 1924, when according to counsel's contention, the property was sold for taxes on June 2, 1924, three months and twenty-one days before the policy was written by the appellant. Notice of the sale for taxes and the sale with the deed filed in the clerk's office was notice to the appellant of the tax sale; and when it wrote the policy, it did so with full knowledge that the property had been sold for taxes; and, therefore, waived any right which it might have had if the tax sale had been made after the policy had been written. See *Scottish Union Co.* v. *Wiley*, 110 Miss. 681; 70 So. 835; *Aetna Ins. Co.* v. *Smith McKinnon & Sons*, 117 Miss. 327, 78 So. 289; *Ins. Co.* v. *Holmes*, 76 Miss. 390.

*Wells, Stevens & Jones,* in reply, for appellant.

We have already directed attention to the fact that 14 R. C. L., par. 303, quoted in appellee's brief, was dealing with the levy or sale of property under legal process and also with the question as to whether a levee or sale under process would be a breach of the policy contract against any change in the interest, title or possession of the assured. This paragraph does not discuss a breach of the sole and unconditional ownership provision of the policy. The true rule seems to be indicated in 26 C. J., p. 178. See *Reaper City Ins. Co.* v. *Brennen,* 58 Ill. 158; *Geib* v. *The Enterprise Co.,* 10 Fed. Cas. 5297; *Planters Mutual Ins. Co.* v. *Lloyd,* 67 Ark. 209, 77 Am. St. Rep. 136; *Breedlove* v. *Norwich Union F. Ins. Co.,* 25 Calif. 164; *McLaren* v. *Hartford F. Ins. Co.,* 5 N. Y. 151.

McGOWEN, J., delivered the opinion of the court.

The Continental Insurance Company of the city of New York appeals here from a judgment based upon a fire insurance policy issued by it in favor of Albert Brown covering a certain house against loss by fire, the policy being made an exhibit to the declaration. The defendant company pleaded the general issue, and gave notice under the issue, first, that they would show that the plaintiff was not entitled to recover because the following provision of the policy had been breached, to-wit, "This entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void if . . . if the hazard be increased by any means within the control or knowledge of the insured, . . . or if the interest of the insured be other than unconditional or sole ownership," and charged that the house, for the loss of which by fire suit was brought, had been sold for taxes due the Indianola separate school district for 1923, said sale having taken place on June 2, 1924; that by said sale Albert Brown was divested of his fee-simple title to said property, and was not the sole and unconditional

owner of said property at the time of the issuance of the policy sued on.

Notice was further given that said tax sale increased the hazard and thereby violated this condition of the policy, which is as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void . . . or if change other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise."

They further gave notice that they would show that the following clause of the policy sued on had been violated, to-wit:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void . . . or if change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

They said this clause was violated because the plaintiff, some months before the fire, moved his family out of said house, together with his goods, to the state of Kansas, and shortly thereafter moved tenants into the said house, said tenants occupying the same until the time of said fire.

Upon the trial it developed that the tax sale above referred to was on June 2, 1924, and that the agent had been writing insurance policies on this particular house before the date of the policy here involved, and that this policy was a renewal policy, dated September 23, 1924, some three months after the tax sale. However, the father of Albert Brown testified that he attended to the matter of insuring the house with an insurance agent,

a Mr. Robb, and that Mr. Robb knew in September, 1923, that Albert Brown, the plaintiff, lived in Kansas City, and that he paid the premiums for Albert Brown and mailed the policy, which had been delivered to the witness by Mr. Robb, to his son; and·that he told Robb that Albert had gone to Kansas City, and that the house was rented out.

The record of the tax sale was also offered in evidence.

The appellant, the insurance company, assigns as error: First, the refusal of the court to grant it a continuance on account of the absence of the witness Robb. We again repeat that the granting or refusal of continuances are matters within the sound discretion of the trial court; unless it is clear that this discretion has been abused, we will not reverse for that cause, and in this cause we do not think the trial court abused its discretion in overruling the motion for a continuance. In this same connection, as there was no testimony offered to contradict the father of the plaintiff as to a waiver by the agent, and that testimony standing uncontradicted in the record and not being seriously urged in the briefs, we will not consider that assignment of error further. Second, it is strenuously urged by counsel that the clause of the policy quoted above, as to the interest of the insured being other than sole or unconditional, is binding on the plaintiff because of the tax sale, and, therefore, that a peremptory instruction should have been given the defendant.

Counsel cites a number of cases from other states, and especially calls our attention to the case of *Imperial Fire Insurance Co. of London* v. *Coos County,* 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231. It is sufficient to say that this case, in the light of our own decisions, would not be considered as being in point, because it involves an increase of the hazard because of the employment of mechanics without notice to or permission by the insurance company to so have mechanics make repairs, and we do not think this case is in point in view of the decisions of our own court.

The counsel also urges, with great zeal, the case of Perrin v. *Stuyvesant Insurance Co.*, 140 La. 812, 74 So. 110, dealing expressly with a tax sale of property covered by fire insurance with reference to this particular clause of the policy, and this case and other Louisiana cases are authority for counsel's position that a tax sale will void the policy where the loss occurs during the period of redemption. And the Louisiana court held that under such state of facts the title was conveyed, but we agree with that court when they say that these grounds for voiding the policy "appear narrow," and the cases cited do not convince us that we should overrule the general policy and tendency of this court as outlined in practically all of our insurance decisions, and the established rule announced by this court in the case of *Mechanics' & Traders' Insurance Co.* v. *Boyce*, 114 Miss. 165, 74 So. 821, L. R. A. 1917E, 328, wherein the court on this subject, said:

"We do not think, under the facts of this case, a sale of the premises for taxes was a breach of the covenants of the policy. The two years within which the property might be redeemed had not expired, and the inchoate right or title of the tax purchaser had not ripened into a good title. . . . He would not be entitled to possession, and would in fact own no title, until the time for redemption under our revenue laws had expired."

This decision is in point as we see it, and the fact that there was a mortgage clause involved in that case does not present any different state of case from the case here presented, and the court there correctly held that the purchaser at the tax sale during the period of redemption had obtained no title, and his title only ripened after the expiration of the two-year period of redemption.

The rule is well stated in 14 R. C. L., p. 1124, as follows:

"*Levy or sale under legal process.* A condition avoiding the policy in case of the sale of the insured property is not violated by a judicial sale of the property and

its confirmation, if payment of the purchase price is not made and no bill of sale is executed, or where a sale has not been confirmed, which is necessary to pass title. The fact that insured goods are levied on does not avoid a policy containing no provision on the subject, nor is such a levy without change of possession a violation of a provision against alienation so long as the debtor has a right of redemption, or where the sale is void, for it is a well-established rule of law that a judicial sale of insured property is no such change in title, interest or possession as will defeat a recovery on a policy of insurance which provides that it shall be avoided if such change occur, where there is left in the owner of the property an equity of redemption, and the loss occurs before the expiration of the period of redemption. Policies frequently provide that a forfeiture shall follow any change in the interest, title, or possession, whether by legal process or judgment or by the voluntary act of the insured. Such a provision applies to an involuntary change of possession by legal process as well as to a voluntary change, resulting from the action of the assured himself, and a writ of attachment is 'process,' within such a provision. Even under such a provision, however, where the debtor remains in possession of the property and has a right of redemption there is no breach, nor does a levy without change of possession violate such a provision.''

We decline to overrule the Boyce case, and find no reversible error in this record.

*Affirmed.*