MANNING *v.* LOVETT, et al., d/b/a LOVETT MOTOR COMPANY

No. 39937          May 21, 1956          87 So. 2d 494

*Ben H. Walley,* Leakesville, for appellant.

*Sidney B. Majure,* Newton, for appellees.

*Roberds,* P. J.

This appeal is from a refusal of the circuit judge to set aside a judgment by default which had been taken against Manning, the appellant. The case is grounded in these circumstances: In August 1954, the declaration was filed against Manning. On September 13, 1954, the trial court granted Manning sixty days within which to plead. Discussions of probable compromise and settlement of the case were had between counsel for the parties. However, no settlement agreement was reached. On March 21, 1955, the case was called in open court, whereupon both counsel announced to the trial judge that an agreed order of settlement would be submitted to the court on March 24th, or, if not, that answer would be filed and the case could go to trial, and no point would be made by plaintiff because plea of defendant had not been filed before March 24th. It appears counsel for plaintiff knew what the plea would be. The suit was pending at New Augusta in Perry County, Mississippi. Counsel for Manning resided in Leakesville in Greene County. On March 22, 1955, counsel for Manning was engaged before the Mississippi Public Service Commission at Leakesville in a matter of considerable public importance. He was the leading counsel for his side in that proceeding. The hearing had continued to March 24th. That was the day the plea was due to be filed in the trial of the case at New Augusta. Counsel for Manning placed a telephone call for counsel for Lovett but before reaching opposing counsel a deputy sheriff at New Augusta called counsel for Manning at Leakesville and informed him the trial judge had said this case was set for trial that day if no settlement had been reached. Counsel for Manning informed the deputy the circumstances confronting him, and requested the deputy to ask the trial judge to pass this case to a later day in the term so as

to enable him to finish the Public Service hearing and be present for the trial. The trial judge did not assent to that request. It is not clear whether counsel for Manning knew of such nonassent. After talking with the deputy sheriff, counsel for Lovett responded to the telephone call counsel for Manning had made to him, and counsel for Manning informed counsel of his situation and of the contents of the conversation with the deputy sheriff and of his request for the case to be passed to a later day in the term. Counsel for Lovett did not agree to this request. The case was called and the default judgment was taken under the foregoing circumstances. On March 28, 1955, while the court was yet in session, Manning filed his plea and also moved the court to set aside the default judgment, which the court declined to do, from which action this appeal was taken.

In Surety Insurance Company v. Treadway, 113 Miss. 189, 74 So. 143, this Court announced the rules embodying the factors to be considered in determining whether or not a default judgment should be set aside:

"We realize the importance of the enforcement of the rules of procedure and practice in the courts, and that the law favors the diligent and is against the careless; and we appreciate the fact that the large discretion resting with the circuit judge in dealing with such questions before him should not be encroached upon, restricted, nor considered abused, unless it manifestly appears that the discretion exercised in any particular case was wrongful and resulted in injustice to a litigant. We do not think any fixed, ironclad rule can be safely adopted with reference to the setting aside of default judgments, but that the courts must look to the facts of the particular case, and if from the whole record the court can reasonably say that justice and right demand that the default judgment should be set aside and a trial had upon the merits, it should be done, and thereby bring about a result by trial on the merits of the controversy between the parties.

██ █ "Courts are instituted primarily for the purpose of determining disputes and controversies between litigants upon the merits of the case, and much liberality should be allowed toward that end. Of course, rules governing the practice and procedure in the courts must be established and maintained in order to bring about efficient and prompt administration of justice, and when such rules are violated by litigants, in failing to appear and defend at the proper time when duly summoned, there should be proper and reasonable punishment for such negligence on the part of the litigant."

"Where there is a reasonable doubt as to whether or not a default judgment should be vacated, the doubt should be resolved in favor of opening the judgment and hearing the case on its merits."

██ █ Applying the announced principles to. the facts of the case at bar, we have concluded that the default judgment should have been set aside and the case tried upon its merits. Extended discussions looking to a settlement had been had between counsel for the litigants and these had progressed to near the time for trial of the case. Counsel for plaintiffs knew what the plea of defendant would be in case no settlement was reached. There was plenty of time for a resetting and trial of the case at the pending term of court. Counsel for Manning was engaged in the hearing of a matter of considerable public concern. It is not shown that he knew this hearing would extend to the day the trial judge might set the case at bar for trial. Apparently he did all he could, by communication with the trial judge and opposing counsel, to have the case set for trial at a subsequent day of the term.

All things considered, we think that justice requires that the default judgment be set aside and that the case be tried upon its merits under the special circumstances here involved.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.