## CUMBEST *v.* KAUFMAN

No. 40411          April 1, 1957          93 So. 2d 895

*Karl Wiesenburg,* Pascagoula, for appellant.

*Watts & Colmer,* Pascagoula, for appellee.

ROBERDS, P. J.

In April, 1955, H. J. Dearman filed a suit in the Circuit Court of Jackson County, Mississippi, against V. W. Boats, Inc., to recover damages for personal injuries suffered by Dearman, as he claimed, as a result of negligence of Boats, Inc., in failing to furnish him as a servant of Boats a reasonably safe place in which to work.

On May 27, 1955, that suit was dismissed by Dearman. On July 13, 1955, Dearman, by declaration, sued Charles

L. Kaufman in said county to recover damages for the same injuries resulting from the same alleged negligence.

Kaufman answered the declaration denying all liability. On October 31, 1955, Kaufman filed an amended answer setting up in bar of the action a written settlement between himself and Dearman and release by Dearman of all claims against Kaufman. That instrument was dated September 5, 1955.

On November 21, 1955, Donald W. Cumbest was admitted as a party-plaintiff in the action. He alleged that Dearman had engaged him as his attorney in this matter under a written contract of employment, which was either an assignment of a fifty percent interest in the cause of action or a fifty percent contingent fee in whatever amount might be recovered by Dearman. Kaufman answered that this contract was not on record and he knew nothing of it at the time he settled the cause of action with Dearman.

Kaufman moved the court to separately hear and determine the plea in bar, which was done. On April 13, 1956, the trial judge sustained the plea in bar and rendered judgment for Kaufman. From that action Cumbest appeals. Dearman made no contest in the lower court and did not appeal to this Court. He is not before this Court.

██ ██ Cumbest says that this action was under what is called the Jones Act, (Section 688, Title 46, Federal Judicial Code), relating to the rights of seamen, and that the finding of the trial judge that Kaufman had no knowledge or notice of the contract between Dearman and Cumbest was erroneous. The evidence is voluminous. It is unnecessary to detail it. It is enough to say there was no evidence whatever that Kaufman had any actual knowledge of the existence of that contract, nor is the evidence sufficient to charge him with notice thereof—at least, it is ample to sustain the finding of the trial

judge to that effect. Section 1448, Miss. Code 1942, provides: "If in any case a transfer or assignment of interest in any demand or chose in action be made in writing before or after suit is filed, to an attorney or firm of attorneys, appearing in the case, it shall be sufficient notice to all parties of such assignment or transfer, if such assignment or transfer be filed with the papers in said cause, and such attorney or attorneys shall not be required to be made parties to said suit." Cumbest did not file his contract. He did not comply with that section.

Dearman was a seaman. He was injured while performing services as a fisherman in the Gulf of Mexico. He says that under the "Jones Act", he had a right to have the plea in bar issue passed upon by a jury. We do not adjudicate whether he did have such right under the circumstances here for the reason that if the right existed Cumbest waived it. Motion was made that the bar issue be heard by the trial judge separately. He so ordered. No objection was made to that procedure. No request was made for a jury trial of the issue. A large volume of testimony was taken before the trial judge on the question. This was a waiver by Cumbest of the right to have the issue passed upon by a jury if the right existed. It should be kept in mind too that this was an issue between Cumbest, who was not a seaman, and Kaufman, not a contest by or against Dearman.

At the close of the taking of the testimony on the issue in bar, counsel for Cumbest orally moved "for a continuance for the purpose of taking the testimony of Cecil McGee * * *". No affidavit was made as required by Section 1520, Miss. Code 1942. There was no showing as to what the testimony of McGee would be, or that due diligence had been used to procure his presence as a witness, nor was it shown that the continuance was sought that justice might be done, and not merely for

delay. Indeed, the trial judge asked counsel for Cumbest "You don't know what he will testify to?" The record does not disclose an express answer by counsel to that inquiry, but evidently the judge understood him to say he did not know what McGee's testimony would be, for the trial judge then remarked "* * * counsel does not know what the witness would say", and counsel made no response to that. The court committed no error in refusing to continue the case.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie*, JJ., concur.