CROFT *v.* BITUMINOUS CASUALTY CORPORATION

No. 41007 January 26, 1959 108 So. 2d 700

*George J. Thornton,* Kosciusko, for appellant.

*Rae Bryant,* Gulfport, *Crawley & Ford,* Kosciusko, for appellee.

McGehee, C. J.

At the time of and prior to the enactment of the Mississippi Workmen's Compensation Act of 1948 the appellant W. C. Croft, Jr., was engaged in the operation of a portable sawmill. After the passage of the 1948 Workmen's Compensation Act he applied to the appellee Bituminuous Casualty Corporation of New Orleans, Louisiana, for workmen's compensation insurance on his employees. The policy of insurance was issued beginning in 1949, and the coverage was annually renewed as originally applied for with the insurance premium based on a percentage of the payroll, etc. But in December 1953, prior to the expiration of his current policy on January 20, 1954, the insured was advised that the appellee would no longer write similar policies on portable sawmills. But the insured was advised by an agent of the insurer at Louisville, Mississippi that he could get from the insurer a new type of policy for the period of January 20,

1954, to January 20, 1955, where the annual premium would be calculated on a retrospective basis depending upon whether he had a good loss year or a bad loss year. The agent wrote the insured that he would come to see him and explain the new type of policy since he could do so in person more satisfactorily than by a letter.

The agent called to see the insured and later testified at the trial that he fully explained to him the terms and provisions of the new type of policy, and the same was issued by the insurer at its office in New Orleans, and the premium paid.

It so happened that the insured had a good loss year in 1954 and that at the expiration of the term of that policy on January 20, 1955, the insured was entitled to and was paid a refund of $8.87.

Without any subsequent conversation between the agent and the insured the policy was renewed on January 20, 1955 for the period ending January 20, 1956, containing the provision that the premium would be calculated on the retrospective basis depending on whether he had a good loss year or a bad loss year.

It so happened that during that year the insured had compensation claims made against him, which were paid by the insurer, amounting to the total sum of $6,789. The insured had paid only the sum of $2,312 on the total premium of $4,300 for that year, leaving a balance of $1,988.

The proof disclosed without dispute that at the beginning of the period covered by this insurance policy the policy was received by the insured and placed among his other papers, but which policy he apparently did not ever read.

The insured did not contradict the fact that the agent had undertaken to explain the policy to him in person in the early part of 1954, but claimed that he didn't fully understand it and that it was not written like the policy that the agent had explained to him that he would get,

but he further testified that the renewal policy issued January 20, 1955, covering the period until January 20, 1956, was not explained to him.

When the agent demanded the payment of the additional $1,988, the insured gave as his reason for refusing to pay the additional premium that the Company had cancelled out his insurance in December 1953. As a matter of fact the insurance was not cancelled but expired by its terms on January 20, 1954, when he took out the new type of policy which the agent had undertaken to explain to him in person.

The appellant assigns as error (1) that the trial court erred in overruling the appellant's motion for a continuance and for a bill of particulars; (2) that the trial court erred in sustaining the objection of the insurance company to the testimony of the insured as to the statements made to him by the agent of the insurer at the time he bought the insurance policy in question; and (3) that the court erred in sustaining the insurance company's motion for a directed verdict.

■■ As to the first error assigned the same is based on the fact that the insurer had not filed a copy of the policy of insurance as an exhibit to the declaration, but was allowed to do so during the trial and that he was therefore entitled to a continuance of the case and entitled to be furnished a bill of particulars as to the claims of compensation that the insurer had paid under the policy during the year from January 20, 1955, to January 20, 1956. But the exhibits offered by insurer set forth the claims which had been paid. Moreover, the claims were filled out and filed by the insured himself on these claims.

■■ There was no error committed by the trial court in denying the continuance since the application for the continuance did not comply with Section 1520, Code of 1942, and this Court had repeatedly held that the granting of a continuance is largely within the discretion of

the trial judge and that his refusal to grant a continuance will not be a ground for reversal unless he has abused his discretion and this Court is satisfied that injustice has resulted therefrom. Newell v. State, 209 Miss. 653, 48 So. 2d 332; Harper v. Miss. State Highway Commission, 216 Miss. 321, 62 So. 2d 375; Southern Beverage Co., Inc. v. Barbarin, 219 Miss. 493, 69 So. 2d 395; and F. B. Walker & Son v. Rose, 223 Miss. 494, 78 So. 2d 592.

 █ As to the second assignment of error, in his answer to the declaration the insured alleged among other things that: ''In further defence of this complaint, the defendant says that if a policy of insurance was sold to him providing for a retrospective premium payment, that it was not explained to him as such by the agent of the plaintiff, and he did not know and understand any such provisions in the policy, if in fact there were such provisions in the policy. He states further that he had no intention of buying a policy that would provide for such retrospective premium payments and that he is not familiar with insurance contracts and in particular those with complicated features, and if one was issued to him having provision therein that would provide for retrospective premium payments, it was not explained to him before he purchased it. He had no intention of purchasing such a policy and did not knowingly do so.'' We do not think that the trial court committed any error in not allowing the insured to testify in support of the alleged defense above quoted, since it would have been to vary and contradict the terms of a valid written instrument issued not by the agent but by the insurance company in New Orleans.

 █ As to the third assignment of error there was no dispute in the testimony as to the correctness of the amount sued for as the balance due on the premium, if we assume that the premium on the policy was $4,300 for the year. The insured was bound by the terms of the policy which he accepted and under which he filed the

claims for workmen's compensation in favor of the employees during the year, since he had the policy in his possession and raised no objections to its terms and provisions until after the demand was made for the balance of $1,988 due on the premium.

 We are therefore of the opinion that the Court was not in error in sustaining the insured's motion for a directed verdict.

The judgment of the trial court entered pursuant to the peremptory instruction must therefore be affirmed.

Affirmed.

*Lee, Kyle, Holmes* and *Arrington, JJ.*, concur.