PATTERSON, Justice:
This is an appeal from a final judgment of the Circuit Court of Alcorn County overruling a motion to set aside a default judgment. We affirm.
The suit concerns a promissory note which was alleged to be in default.
The defendants were personally served with process on November 12 and 17, 1965, returnable to the first Monday of the January term. The defendant James appeared on the first day of the term and the case was set for trial on January 20. On that date James appeared with counsel, J. O. Clark, and filed a motion for a continuance. The record does not disclose what disposition was made of this motion. However, the case was reset for trial on January 28 when James appeared with attorney E. K. Windham. The case could not be reached for trial on that date and it was continued until the May term, the defendant and his attorney being directed by the court *227 to file an answer so that the cause would be triable at such term.
The case was called on the first day of the May term. Neither the defendant nor his attorney was present nor had an answer been filed, and on motion of the plaintiff a default judgment was entered. On May S, the fourth day of the term, James and his attorney appeared and informed the court that the case had been forgotten by the attorney due to the press of business and personal problems. A motion was then filed to set aside the default judgment and to permit the defendant to file an answer, the attorney stating that he could go to trial immediately, this being Thursday, the fourth day of the term, but that he could not try the case the following day. The court then being engaged in a trial, which was postponed for the purpose of hearing the motion to set aside the judgment, announced that Friday was the last day of the term and thereupon denied the pending motion.
The appellants assign as error the court’s action in overruling appellants’ motion to set aside the default judgment entered against them and to permit appellants to answer and defend the suit in a trial on the merits.
The appellants contend that the May term of court of Alcorn County consists of six days and that the case could have been tried on Saturday, the last day of the term. We are of the opinion that this contention is not well taken, as the trial court had set its schedule for the term and it determined that it would be unable to hear the cause on such date. The statute specifies a six-day term, but we cannot determine from the record whether Saturday, the last day of the term, was open due to a trial having been completed sooner than anticipated or whether a case set for Saturday had been settled or what not. Additionally, the record fails to disclose that the defendants requested and were refused trial on the last day of the term. Under these circumstances we cannot say that the trial judge abused his discretion in not setting aside the default judgment and hearing the cause that date.
It is the rule in this state that a motion to set aside a judgment, supported by an affidavit of meritorious defense, should be granted where the opportunity for a trial at the same term of court has not been lost. Southwestern Surety Ins. Co. v. Treadway, 113 Miss. 189, 74 So. 143 (1917).
However, it is within the discretion of the trial judge to determine whether to set aside a default judgment. Unless the discretion exercised manifestly appears to have been wrongful and resulted in injustice to a litigant, this Court will not interfere. Manning v. Lovett Motor Co., 228 Miss. 191, 87 So.2d 494 (1956).
The defense counsel had failed to comply with the January instructions of the court to be ready for trial at the May term. A client is bound by the negligence of his attorney in failing to appear when duly summoned by the court. Southwestern Surety Ins. Co. v. Treadway, supra.
Faced with the conflict between trying the case on its merits or enforcing the rules of the court in order that its business might be ordered and settled, the trial judge reasoned that it would not be fair to plaintiff or his counsel to again continue the case since they had exercised every diligence.
After due consideration of the record we are of the opinion the trial court did not abuse its discretion in refusing to set aside the default judgment.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY, and SMITH, JJ., concur.