BRADY, Justice.
This is an appeal from a judgment of the Circuit Court of Harrison County which affirmed the judgment of the county court of said county awarding appellee a judgment in the sum of $8,163.36.
The record discloses the following pertinent facts. On November 21, 1966, appellee filed a petition for a mechanic’s and mate-rialman’s lien with lis pendens notice. On December 12, 1966, appellants, through their attorney, filed a motion for time in which to plead or answer. The appellants in this cause were sued jointly and individually. The record discloses that diligent efforts were made by counsel representing appellee to obtain a speedy trial of this cause without avail. Counsel representing appellants ignored a letter written by counsel representing appellee seeking an agreeable date to try the cause. The county court judge ultimately set the cause for trial on April 18, 1967. On that date, all of appellee’s witnesses were present in court. Appellants filed a motion for a continuance which the judge of the county court declined to grant, and the cause proceeded to trial. Counsel representing appellants was present and participated in the hearing but did not remain, and the appellee established the merits and accuracy of his mechanic’s and materialman’s lien.
There is only one issue involved in this cause, which is: Did the county court abuse its discretion, thereby committing error, in overruling the motion for a continuance and the motion for a new trial ? Appellee contended that appellants’ motion and affidavit for continuance was not timely filed; that all grounds urged for continuance were within' the prior knowledge of the appellants ; and that the reasons assigned in the motion were insufficient to justify the granting of the continuance. The controlling statute is Mississippi Code 1942 Annotated section 1520 (1956). This section provides as follows:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that .he has 'used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists; and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. * * * A denial of the continuance shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.
The statute clearly contemplates due diligence in securing the presence of *455 witnesses and this diligence must be recited in the affidavit. The affidavit should cite further that the continuance is not sought for delay only but that justice may be done. Cumbest v. Kaufman, 230 Miss. 713, 93 So.2d 857 (1957). Appellants in their affidavit for continuance did not allege due diligence and that the continuance was not for dilatory purposes. A motion which does not comply with the statute may be properly overruled. Lewis v. State, 56 So.2d 397 (Miss.1952).
Moreover, contrary to the essential requirement of section 1520, supra, appellants’ motion and affidavit for continuance fails to allege what counsel representing the appellants expected to prove by his absent witness who was also a party litigant. F. B. Walker & Sons v. Rose, 223 Miss. 494, 78 So.2d 592 (1955); Ware v. State, 133 Miss. 837, 98 So. 229 (1923). In addition, the reason for counsel’s absence was unexplained. Counsel representing appellants urged that one of his associates was ill and that another associate was unexpectedly absent, but appellants’ attorney failed to specify the reason which prevented him personally from being present when the case was tried. The record discloses that the attorney representing the appellants was present on the day of trial. He objected to the trial proceeding on the grounds that appellee had not answered the counter affidavits of the appellants, and presented the motion for continuance. The mystery as to why that attorney could not continue to represent his clients on that day is known only to appellants’ attorney.
We do not agree with appellee that the behavior of the appellants amounted to a disregard of judicial fiats in the process of courts of this state, but we do conclude that their conduct could be construed as evidence of attempts to delay the appellee in obtaining a trial on the merits of his cause. We have held repeatedly that the trial court has broad discretion over the question of continuances. Croft v. Bituminous Cas. Corp., 235 Miss. 95, 108 So.2d 700 (1959); Gallego v. State, 222 Miss. 719, 77 So.2d 321 (1955); and Continental Ins. Co. of City of New York v. Brown, 142 Miss. 199, 106 So. 633 (1926). We conclude that the trial court did not abuse its discretion and that the circuit court was correct in affirming the action of the trial court. The trial court had grounds sufficient to find that the appellants had not complied with the requirements of section 1520.
Next we consider the question of the motion for a new trial. The trial judge has wide discretion in setting aside a default judgment and ordering a trial on the merits; and unless his decision appears manifestly wrong or has resulted in injustice to the litigant, the Supreme Court will not interfere. James v. Hall, 197 So.2d 226 (Miss.1967). The facts of the particular case and the record as a whole should be examined to see if justice demands that the default judgment be set aside and a trial had on the merits. Manning v. Lovett, 228 Miss. 191, 87 So.2d 494 (1956). Based upon the facts and the complete record in this case we do not feel that injustice was present or that the trial judge abused his discretion. We also note that appellants’ affidavit failed to set forth a meritorious defense, a necessary element of a motion to set aside a default judgment.
There are no merits in the errors assigned by appellants in their motion for a new trial which relate to the giving of instructions, and we conclude that no injustice has resulted from the refusal of the county court to grant a continuance.
For the foregoing reasons the judgment is affirmed.
Affirmed.
RODGERS, JONES, PATTERSON, and INZER, JJ., concur.