272 So.2d 648 (1973)
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
v.
REARDON LUMBER COMPANY, INC.
No. 46955.
Supreme Court of Mississippi.
January 29, 1973.
Rehearing Denied February 19, 1973.
Henley, Lotterhos & McDavid, Richard T. Bennett, Jackson, for appellant.
Joseph Dale, Prentiss, for appellee.
GILLESPIE, Chief Justice:
American Mutual Liability Insurance Company (Insurance Company) sued Reardon Lumber Company, Inc. (Lumber Company) to recover earned premiums on three workmen's compensation policies and two basic liability policies. The case was transferred from the Circuit Court to the Chancery Court of Jefferson Davis County where a general demurrer was sustained and the case dismissed. Insurance Company appeals. We reverse.

THE WORKMEN'S COMPENSATION POLICIES
The workmen's compensation policies (covering different periods of time) obligate Insurance Company under Coverage "A" to pay promptly when due all compensation and other benefits required of the insured by the Workmen's Compensation Law.
The "classification of operations" designates the business of "Sawmill" and an endorsement provides that the classification includes "Logging or Lumbering  Including Transportation Of Logs to Mill." The policy states that the "total estimated annual premium" is $1,654.04. It further provides that remuneration of persons performing work for the company which may render the company liable under the workmen's compensation law shall be used as a basis for computing the earned premium. The policy very clearly provides that the premium stated in the declarations is an estimated premium only and that upon termination *649 of the policy, the Insurance Company would have the right, but not the obligation, to inspect and examine and audit the insured's payroll records and other documents for the purpose of computing the earned premium in accordance with the manuals in use by the company.
The complaint, including the bill of particulars filed by Insurance Company pursuant to order of the court, alleged issuance of the policies, cancellation at the request of Lumber Company, and that an audit had been made of Lumber Company's books to ascertain the earned premium on the policies. A copy of the auditor's work chart purporting to show the earned premium in accordance with the policies and the manuals applicable to the risk was attached to the bill of particulars. It appears that the principal contention involved the claim of Insurance Company that the payroll of a logger, with whom Lumber Company had a contract to cut and haul logs to the mill for $27 per thousand board feet, should be used in computing the premiums.
The first question is whether sufficient facts were alleged to withstand the demurrer.
Insurance Company contends that the logger who had a contract with Lumber Company to cut and deliver logs had not covered his employees with workmen's compensation insurance and that his employees were therefore covered by Lumber Company's policy, and under the policy and the manual of rates the logger's payroll should be used in computing the earned premium. Lumber Company contends that sufficient facts were not pleaded in this respect. The pleadings in this case are difficult to understand but we are of the opinion that there is enough alleged by Insurance Company to make an issue as to whether the logger's payroll ought to be included in the computation of earned premiums under the policies. If we should concede that the question is close it ought not to be decided on a demurrer. Griffith, Mississippi Chancery Practice § 310 (1950).
Lumber Company also argues that Insurance Company is attempting to extend the coverage of the policy (and the premium) beyond the terms of the policy by unilateral action. The policy is quite clear that the advanced premium was only an estimate and the premiums would be determined by an audit at the end of the policy period. This is a valid provision of the policy since the rate schedules and the manuals of the company are required to be filed with the Insurance Commission. See Miss. Code Ann. 1942 §§ 5834-01 et seq. (1946). This Court has recognized that the manuals are properly used in determining the earned premium. See Roberts v. Finger, 227 Miss. 671, 86 So.2d 463 (1956). This Court rendered a decision without an opinion upholding a judgment based on a similar provision in Ferguson v. Hardware Mutual Casualty Company, Miss., 271 So.2d 391, decided January 2, 1973. See also Croft v. Bituminous Casualty Corp., 235 Miss. 95, 108 So.2d 700 (1959).

THE BASIC LIABILITY POLICIES
These policies principally cover the automobiles owned or used by Lumber Company. The policies provide for the determination of the earned premium by an audit at the end of the policy period somewhat similar to the workmen's compensation policies. However, the pleadings are not in a state where the Court can understand the basis of Insurance Company's claim to additional premiums on these policies.
The trial court would be fully justified in entering an order requiring a complete recast of the pleadings in this case before going forward with the case.
Reversed and remanded.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur.