WALKER, Justice:
This is an appeal from an order of the Circuit Court of Rankin County, Mississippi, overruling appellant’s motion to set *919 aside a default judgment taken against it in the amount of $5,000. We affirm on condition that appellee accept a remittitur in the amount of $2,000.
On or about February 10, 1973, the plaintiff, Evelyn Faye Holmes, was injured when using a can of oven cleaner manufactured and sold to her by the appellant, Stanley Home Products Company. Appel-lee alleged in her declaration that she was using the oven cleaner according to the directions on the can; that after putting the oven cleaner in the stove a cloud of intense caustic steam came out and covered the room causing burning, pain and discomfort in plaintiff’s larynx, throat and chest; that she had been treated by several doctors, incurring medical, hospital and drug bills; that she has suffered great physical pain, severe shock and intense mental anguish; and that she partially lost the use of her voice.
Appellee’s declaration was filed on March 29, 1973, charging appellant with numerous acts of negligence, which if proven would constitute a cause of action.
Approximately five months later, on August 21, 1973, a motion for default judgment was sustained and upon a writ of inquiry the court, without a jury, assessed appellee’s damages at $5,000 and entered judgment against appellant for that sum, together with costs.
On August 30, 1973, two days before the end of the August Term of Court, appellant filed its motion to set aside the judgment which was subsequently overruled.
The appellant contends on appeal that the trial court abused its discretion in refusing to set aside the default judgment. However, this Court has held in a number of cases that the trial court has wide discretion in setting aside a default judgment and ordering a trial on the merits, and unless his decision appears manifestly wrong or has resulted in injustice to the litigant, the Supreme Court will not interfere. Ponder v. O’Neal Electric Co., 214 So.2d 453 (Miss.1968); James v. Hall, 197 So.2d 226 (Miss.1967). In Manning v. Lovett Motor Company, 228 Miss. 191, 87 So.2d 494 (1956), this Court quoted from Southwestern Surety Insurance Company v. Treadway, 113 Miss. 189, 74 So. 143 (1917), wherein Justice Holden, speaking for the Court, said:
“We realize the importance of the enforcement of the rules of procedure and practice in the courts, and that the law favors the diligent and is against the careless; and we appreciate the fact that the large discretion resting with the circuit judge in dealing with such questions before him should not be encroached upon, restricted, nor considered abused, unless it manifestly appears that the discretion exercised in any particular case was wrongful and resulted in injustice to a litigant. . . . ” (228 Miss. at 194, 87 So.2d at 495-496).
The appellant did not put on any proof in support of the motion but apparently relied on the affidavits attached thereto which, in substance, alleged that the appellant had a meritorious defense and that negotiations toward settlement were underway at the time default judgment was taken. However, Mr. J. Hal Ross, attorney for appellee, testified in opposition to the motion that plaintiff’s declaration was filed on March 29, 1973, and process was served on the defendant’s agent for process on April 2, 1973. Thereafter, on May 7, 1973, since no answer had been filed, he set the cause down for default judgment; however, Honorable Ben Riddick, counsel for appellant, obtained a continuance to the July Term of Court. At the July Term, the cause was again set for default judgment, no answer having been filed, but again counsel for defendant obtained a continuance to the August Term of Court. Between the July and August Terms, Mr. Riddick withdrew from the case, closed his files and so advised Mr. Ross.
Shortly thereafter, between the July and August Terms of Court, according to Mr. *920 Ross, he received a telephone call from a Mrs. Jan Mauldin of Travelers Insurance Company who requested a copy of the medical reports from Mr. Ross and pursuant to her request the report of Dr. Stub-blefield was mailed to Travelers on August 25. Mr. Ross also testified that he submitted a proposed settlement to Mrs. Mauldin who advised him that it would be taken up with her boss and that she would be back in contact with him. It was Mr. Ross’ testimony that Mrs. Mauldin did not inform him of her status with Travelers; that he heard no more from her or Travelers and that after waiting for approximately four weeks without being contacted and still with no answer being filed, he moved for and was granted a default judgment with writ of inquiry on August 21. On August 29, which was two days before the end of the July Term, he was contacted by Mrs. Mauldin who inquired if he had taken a default judgment and was advised that he had. Mr. Ross further testified that Mrs. Mauldin stated that she had a note on her desk to call him about the matter for several weeks but just had not done so. The defendant then filed a motion to set aside the default judgment which was subsequently overruled.
After carefully reviewing the record, we are unable to say that the trial court was manifestly wrong in overruling appellant’s motion to set aside the default judgment. The appellant’s lack of diligence and negligence in not looking after the pending litigation is patent on the face of the record.
The appellant next contends that the judgment of the trial court was excessive and not supported by the evidence adduced upon the writ of inquiry. In this regard, the evidence shows that immediately after inhaling the caustic fumes Mrs. Holmes began to “throw up” and could not get her breath; that the ingredients of the can were not listed on the outside of it resulting in a delay of medical treatment as the doctor could not administer an antidote until the home office of the appellant in Missouri was called, after which she was rushed to the emergency room of the hospital where she remained for approximately two hours; that while in the emergency room she was treated by a Dr. Stubble-field; that she thereafter continued to have trouble and was treated by a Dr. Peede for several weeks, after which she was treated for several weeks by a Dr. Gordon, a throat specialist in Jackson; that her throat felt as if it was closing in all of the time; that she could not swallow and her chest hurt; that she is unable to sleep without propping up in bed as her throat closes when she is lying down; and that she worries a lot about her condition. Mr. Holmes substantially corroborated his wife’s testimony and stated that his wife complained about pain in her throat; that it would close on her so that she could hardly eat and had trouble resting at night; and that at times she would reach a point where she was so hoarse that she could hardly talk. There was testimony that doctors’ bills, hospital bills and drug bills had been incurred although the bills were not introduced into evidence nor was the amount of such bills proven.
We have carefully reviewed the evidence with respect to the damages suffered by the appellee and are of the opinion that the award of $5,000 is excessive in the absence of proof of the medical expenses incurred and should be reversed. However, we are also of the opinion that the ends of justice would be best served and that this litigation might be put to an end by appellee entering a remittitur in the amount of $2,000.
Therefore, if appellee will within fifteen days after the judgment of this Court becomes final enter a remittitur of $2,000, judgment will be affirmed here for $3,000. Otherwise, the cause will be affirmed as to liability but remanded on the question of damages alone.
*921 Affirmed on condition of a remittitur, otherwise affirmed as to liability but reversed and remanded on the question of damages.
GILLESPIE, C. J., RODGERS, P. J., and INZER, SMITH, SUGG, and BROOM, JJ., concur.